**FRANCISCO M. ZAVALA ( SBN: 187697)**
THE F.M. ZAVALA LAW FIRM, INC.
28494 WESTINGHOUSE PLACE, SUITE 206
VALENCIA, CALIFORNIA 91355
(661) 753-3534 Telephone
(888) 831-4806 Facsimile

**ETAN Z. LORANT (SBN: 108820)**
LAW OFFICES OF ETAN Z LORANT
5850 Canoga Ave. Suite 308
Woodland Hills, CA 91367
(818)990-3990 Telephone
(818)990-5812 Facsimile

Attorneys for Plaintiff,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CARLOS FLORES<br><br>        Plaintiff,<br><br><br>Vs.<br><br><br><br><br><br>CITY OF LOS ANGELES,<br>POLICE OFFICER ALVARADO<br>CARLOS;  and DOES 1 through 10,<br>Inclusive.<br><br><br><br><br><br><br><br><br><br><br>       Defendants | CASE NUMBER<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>- 42 USC § 1983<br>- 42 USC § 1985<br>- 42 USC § 1988<br>-Unconstitutional Policy<br>- Violation of Fourth, Fifth and Fourteenth Amendments of the United States Constitution<br>- Unconstitutional Policy,<br>- Negligent Retention, Hiring Training and Supervising<br>- California Civil Code §51.7 and 52<br>- Unruh Act<br>- Intentional infliction of emotional distress<br>- Negligent infliction of emotional distress<br>- Violation/Deprivation of Civil Rights under color of law<br>- Negligence<br>- Retaliation<br>- Harassment Monnel Theory<br>- False Arrest and Imprisonment<br>- Assault<br>- Battery |

-1-

Complaint for Damages and Demand for Jury Trial

PLAINTIFF CARLOS FLORES; (HEREINAFTER REFERRED TO AS PLAINTIFF), ALLEGES AS FOLLOWS FOR HIS CLAIMS FOR RELIEF HEREIN:

# I

## JURISDICTION

1.  This is an action for deprivation of civil rights under color of state law brought pursuant to Title 42 United States Code Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights.  By this action, Plaintiff seeks all relief to which he may be entitled, under both state and federal laws, including but not limited to compensatory and punitive damages, attorneys' fees and costs, and prejudgment interest. Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Sections 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Section 1367(a).

# II

## VENUE

2.  Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

# III

## CLAIMS FOR RELIEF

3.  At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles, State of California.

4.  Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, Defendant CITY OF LOS ANGELES is and was a charted public entity duly organized and existing under and by virtue of the laws of the State of California.  LOS ANGELES POLICE DEPARTMENT was and is a department and subdivision of Defendant CITY OF LOS ANGELES, and was responsible for hiring,

Complaint for Damages and Demand for Jury Trial

training, and supervising the conduct, policies and practices of its employees and agents and all of its members including the conduct of Defendant Office Alvarado Carlos.

5.     In doing all the things alleged herein, each Defendant acted under color of their authority, and under color of the statutes, ordinances, regulations, customs, and usages of the State of California, the County of Los Angeles and the Los Angeles Police Department and pursuant to the official policy of the City of Los Angeles and its Police Department. Each Defendant named herein is sued both in his/her individual and official capacity.

6.     Plaintiff is informed and believes and based thereon alleges, that at all times herein, Defendant Officer Alvarado Carlos was a resident of the County of Los Angeles, State of California. Plaintiff is unaware of the true names and or capacities of Defendants DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint, by leave of the Court if necessary, to allege their true names and /or capacities when ascertained. Plaintiff is informed and believes and based thereon allege that at all times herein mentioned, Defendant and DOES 1 through 10, inclusive, were each the servants and agents of the other Defendants and at all times were acting within the scope of said agency and are jointly obligated with the remaining defendants are sued individually and in their official capacity as Officers, detectives, sergeants, captains, commanders, supervisors, and/or civilian employees, and agents, policy makers and representatives for the Los Angeles Police Department, a department and subdivision of Defendant CITY OF LOS ANGELES.

Complaint for Damages and Demand for Jury Trial

7.     Plaintiff is unaware of the true names and/or capacities of Defendants sued as Does 1 through 10, inclusive, and, therefore, sue said Defendants by such fictitious names. Plaintiff will amend this complaint, by leave of the court if necessary, to allege their true names and/or capacities when ascertained. Plaintiff is informed and believes and based thereon alleges, that Defendants Does 1 through 10, inclusive, and each of them, were the agents and servants of the other Defendants and at all times were acting, within the scope of said agency and are jointly obligated with the remaining Defendants.

8.     Plaintiff has complied with all applicable statutes. Photocopies of Plaintiff's claims to the City of Los Angeles, filed March 8, 2021 are attached hereto and incorporated herein by this reference as ***Exhibit "1".*** Copies of "Notice of Denial" dated April 19, 2021 are attached hereto and incorporated herein by this reference as ***Exhibit "2".***

**IV**

**STATEMENT OF FACTS**

9.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 8, inclusive, as if set forth in full here.

10.    On or about October 20, 2020 at about 12:15 a.m., Plaintiff was driving his lawfully registered vehicle when Plaintiff was pulled over, without any probable cause, by Defendant Officer Alvarado Carlos and his partner who were traveling in a marked LAPD vehicle. Defendant Officer Alvarado Carlos and his partner activated their patrol vehicle emergency lights and used their speaker to order Plaintiff to pull over and stop his vehicle. Plaintiff obeyed Defendant Officer Alvarado Carlos and his partner's commands, and safely

Complaint for Damages and Demand for Jury Trial

parked his vehicle near 6000 Lankershim Blvd., North Hollywood, CA 91606.

11.   At the time Plaintiff was pulled over, Plaintiff had not committed any crime, infraction or vehicle code violation. Plaintiff's vehicle was lawfully registered. Plaintiff had a valid CA driver's license and insurance. Plaintiff was pulled over without probable cause.

12.   After Plaintiff stopped his vehicle, Plaintiff placed his vehicle in park and turned off the ignition. Defendant Officer Alvarado Carlos approached Plaintiff's vehicle and requested Plaintiff's CA driver's license, which Plaintiff promptly provided.

13.   Upon receiving Plaintiff's CA driver's license, Defendant Officer Alvarado Carlos immediately ordered Plaintiff to exit his vehicle and to walk towards the front of Defendant Officer Alvarado's LAPD vehicle. Plaintiff complied and was immediately handcuffed by Defendant Officer Alvarado and then subjected to a full pat down search of his person by Defendant Officer Alvarado, without Plaintiff's consent. Thereafter, Plaintiff remained handcuffed and was detained in front of the police vehicle for about 30 minutes, then cited for a violation to CA Vehicle Code section 22108, and released upon signing a Notice to Appear.

## V
## INJURIES TO PLAINTIFF

14.   As a result of the conduct of the Defendants as stated above, Plaintiff has suffered and will continue to suffer physical injuries, emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, search, physical consequences, loss of liberty, stress, and loss of standing in the community.

Complaint for Damages and Demand for Jury Trial

## VI
### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983, 1985 – MONELL CLAIM and 42 U.S.C. § 1988)
### BY PLAINTIFF AGAINST DEFENDANTS CITY OF LOS ANGELES,
### POLICE OFFICER ALVARADO CARLOS AND DOES 1 THROUGH 5,
### INCLUSIVE

15.  Plaintiff refers to and incorporates by reference the allegations in Paragraphs 1 through 14, inclusive, as if set forth in full here.

16.  Defendants City of Los Angeles, and Does 1 through 10, inclusive, are alleged to have maintained a policy permitting the occurrence of the type of wrongs described herein, and based on the principal set forth in Monell vs. New York City Department of Social Services (1978) 436 U.S. 648 and Heller vs. Bushey (9th Cir. 1985) 759 F.2d 1371, are liable for all injuries sustained by Plaintiff.

17.  Specifically , Defendant City of Los Angeles and Does 1 through 10, inclusive, have maintained a policy or custom of  (a)making unlawful detentions and/or arrests; (b) using excessive force in making detentions and/or arrests; (c) improperly disciplining officers of the Los Angeles Police Department (d) improperly investigating complaints of wrong-doing by officers of the Los Angeles Police Department; and (e) improperly selecting, training, and supervising officers of the Los Angeles Police Department.

18.  As a result of said wrongful acts of defendants City of Los Angeles and does 1 through 10 inclusive, Plaintiff has sustained injuries. Accordingly, Plaintiff seeks compensation from above Defendants, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

Complaint for Damages and Demand for Jury Trial

## VII
### SECOND CAUSE OF ACTION
### VIOLATION OF FOURTH,  FIFTH AND FOURTEENTH
### AMENDMENTS OF UNITED STATES CONSTITUTION
### (42 U.S.C. §§1983, 1985  – IN DIVIDUAL CAPACITY AND 1988)  BY
### PLAINTIFFS AGAINST DEFENDANTS CITY OF LOS ANGELES ,
### POLICE OFFICER ALVARADO CARLOS and DOES 6 through 10
### Inclusive

19.   Plaintiff refers to and incorporates by reference the allegations of Paragraphs 1 through 18, as is set forth in full herein.

20.   This cause of action arises under Title 42 United States Code, § § 1983, 1985 and 1988 wherein Plaintiff seeks the redress deprivation under color state law of a right privilege or immunity secured under the Fourth Amendment and/or Fifth Amendment and/or Fourteenth Amendment.

21.   Plaintiff is informed and believes and thereby alleges that at all times mentioned herein, Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive, and each of them, were duly appointed, qualified and acting as Los Angeles Police Department Officers, in the County of Los Angeles, State of California, and that at all times mentioned herein, were acting within the course of scope of such employment for Defendant City of Los Angeles and the Los Angeles Police Department under the color of state law.

22.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, said Defendants and each of them deprived Plaintiff of his rights in violation of the Fourth, Fifth and Fourteenth Amendment when said Defendants falsely arrested and imprisoned Plaintiff on October 20, 2020.

Complaint for Damages and Demand for Jury Trial

23.     Defendant City of Los Angeles, Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive, and each of them, failed and refused to intervene or prevent or try to prevent the wrongful conduct of the other.

24.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff was injured, and by reason thereof, Plaintiff's claim damages from Defendants, and each of them, in a sum to be determined by this Court.

25.     The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction injury upon the Plaintiff.  This was done with reckless, wanton and callousness or Plaintiff's civil rights and by reason thereof, Plaintiff claims exemplary and punitive damages from Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive, in a sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

26.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent him and did incur and continue to incur investigation costs, expenses, attorneys' fees, and legal costs.  Plaintiff requests payments by Defendants, and each of them, for compensation of fees and costs pursuant to Title 42 USC § 1988.

## VIII

### THIRD CAUSE OF ACTION

### VIOLATION OF *CALIFORNIA CIVIL CODE § § 51.7* AND *52* BY PLAINTIFF AGAINST DEFENDANTS CITY OF LOS ANGELES ,

Complaint for Damages and Demand for Jury Trial

**POLICE OFFICER ALVARADO CARLOS, AND DOES 1 THROUGH 10, INCLUSIVE**

27.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 26, as though fully set forth herein.

28.    Plaintiff is informed and believes, and thereon allege, that Defendants City of Los Angeles, Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive, and each of them, violated California Civil Code Section 51.7 and wrongfully denied Plaintiff his rights within the meaning of California Civil Code Section 52(b) by inflicting violence and conspiring to, aiding, and infliction of violence against Plaintiff by reason of his race, socio-economic status, and/or ethnic heritage or by attempting to inflict such injury.

29.    By reason of the Defendants' conduct, Defendants are liable to Plaintiff in the amount of twenty-five thousand dollars ($25,000.00) and triple the damages proven at trial.

## IX
## FOURTH CAUSE OF ACTION
## ASSAULT AND BATTERY
## BY PLAINTIFF AGAINST ALL DEFENDANTS

30.    Plaintiffs refers to and incorporate by reference the allegations of Paragraphs 1 through 29. Inclusive, as though fully set forth herein.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them, assaulted and battered Plaintiff, causing Plaintiff to suffer injury when they handcuffed, arrested and detained him.

32.    By reason of the above actions, Defendants and Does 1 through 10, inclusive, and each of them, are liable to Plaintiff for money damages.

## X
## FIFTH CAUSE OF ACTION

Complaint for Damages and Demand for Jury Trial

## **FALSE ARREST, FALSE IMPRISONMENT**
## **BY PLAINTIFF AGAINST ALL DEFENDANTS**

33.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.   On or about October 20, 2020, Plaintiff was arrested and charged with a crime.

35.   Defendants and Does 1 through 10, inclusive, and each of them, unlawfully arrested Plaintiff without a warrant and detained  Plaintiff in front of  a patrol car where they forcibly detained him against his will.

36.   The act of Defendants and Does 1 through 10, inclusive, and each of them, as herein alleged, were willful, wanton, malicious and oppressive and justify the awarding of punitive damages in an amount to be determined by the Court according to proof against all Defendants, except Defendant City of Los Angeles.

## **XI**
## **SIXTH CAUSE OF ACTION**
## **NEGLIGENT RETENTION, HIRING TRAINING, SUPERVISION BY PLAINTIFF AGAINST DEFENDANTS COUNTY OF LOS ANGELES AND DOES 1 THROUGH 5, INCLUSIVE**

37.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 36, inclusive, as if set forth in full herein.

38.   Plaintiff is informed and believes and thereon alleges, that in doing the acts as heretofore alleged, Defendants City of Los Angeles, its Department Agency, Los Angeles Police Department and Does 1 through 10, inclusive, knew, or in the exercise of reasonable diligence should have known, that Defendant Officer Alvarado Carlos Deputy,

Complaint for Damages and Demand for Jury Trial

and Does 1 through 10, inclusive, were incompetent and unfit to perform the duties for which they were employed, and that an undue risk to persons such as Plaintiff would exist because of the employment.

39. Despite this advance knowledge, Defendants City of Los Angeles, The Los Angeles Police Department and Does 1 through 10, inclusive, retained Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive, as employees in disregard of the rights and safety of others. As a result of this disregard of the right of Plaintiff, Plaintiff is entitled to an award of damages from Defendants and Does 1 through 10, inclusive, in an amount to be determined by this Court according to proof.

40. Defendants City of Los Angeles, Does 1 through 10, inclusive, are alleged to have knowingly, with gross negligence and/or deliberately and indifferently to the constitutional rights of persons within the jurisdiction of the State of California, maintained or permitted a policy or custom of permitting the occurrence of the type of wrongs described herein, and are liable for all injuries sustained by Plaintiff.

41. Defendants City of Los Angeles and the Los Angeles Police Department and Does 1 through 10, inclusive, have maintained a policy or custom of (a) improperly disciplining Officers; (b) improperly investigating complaints of wrong-doing by Officers (c) improperly selecting, training and supervising Officer; and (d) improperly retaining Officers.  Through this policy or custom, Defendants City of Los Angeles, and Does 1 through 10, inclusive, have ratified the conduct of Defendant Officer Alvarado Carlos and Does 1 through 10, inclusive.

Complaint for Damages and Demand for Jury Trial

## XII
## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS BY PLAINTIFF AGAINST ALL DEFENDANTS

42. Plaintiff refers to and incorporates by reference the allegations of Paragraphs 1 through 41, inclusive, as if set forth in full herein.

43. As a result of the act of Defendants, and each of them, toward Plaintiff the false arrest and imprisonment was outrageous conduct with the intent to cause emotional distress of a severe nature and this conduct did cause emotional distress to Plaintiff. Defendants, and each of them, are responsible for these damages.

## XIII
## EIGTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## BY PLAINTIFF AGAINST ALL DEFENDANTS

44. Plaintiff refers to and incorporate by reference the allegations of Paragraphs 1 through 43, inclusive, as if set forth in full herein.

45. At all times herein mentioned the false arrest and the false imprisonment of Plaintiff, violation of Plaintiff's civil rights, discrimination against Plaintiff and generally Defendants' failure to fulfill their duties to Plaintiff, has caused Plaintiff to suffer emotional and physical distress.

46. Because of the negligence of the Defendants, and each of them, and as a proximate result thereof, Plaintiff sustained great emotional disturbance and shock and injury to his nervous system, all of which has caused, and continues to cause, and will cause him great physical and mental pain and suffering, all to his damages in the amount according to proof.

Complaint for Damages and Demand for Jury Trial

47.   Plaintiff was reasonably required to and did incur medical and incidental expenses for the examination, treatment, and care of the aforesaid injuries. Plaintiff is informed and believes, and thereon, alleges, that Plaintiff in the future, will reasonably be required to incur similar obligations.

## XIV

## NINTH CAUSE OF ACTION

## NEGLIGENCE BY PLAINTIFF AGAINST ALLDEFENDANTS

48.   Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 through 47, inclusive, as if fully set forth herein.

49.   Defendants, and each and every one of them, owed a duty to Plaintiff, however, Defendants violated that duty and behaved negligently toward Plaintiff causing Plaintiff to be injured.

50.   As a result of the said negligence Defendants and Does 1 through 5, inclusive, are liable to Plaintiff for damages.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT ON ALL CAUSES OF ACTION AGAINST DEFENDANTS AS FOLLOWS:

1.  For general damages in an amount according to proof;
2.  For medical expenses in an amount according to proof;
3.  For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others; (Except for Defendant City of Los Angeles);
4.  For reasonable attorney's fees pursuant to Title 42 of the United States Code, Section 1988(b);
5.  For costs of suit herein incurred;
6.  For interest allowed by law; and

-13-

7.  For such other and further relief as the Court deems proper.

Dated:  September 23, 2021

By: *Francisco M. Zavala*
_____
Francisco M. Zavala
Attorney for Plaintiff


By:  __*Etan Z. Lorant*
_____
Etan Z. Lorant
Attorney for Plaintiff

Complaint for Damages and Demand for Jury Trial

# DEMAND FOR JURY TRIAL

The Plaintiff in the above-entitled action requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 23, 2021

By: *Francisco M. Zavala*
　　 Francisco M. Zavala
　　 Attorney for Plaintiff

By: *Etan Z. Lorant*
　　 Etan Z. Lorant
　　 Attorney for Plaintiff

Complaint for Damages and Demand for Jury Trial

EXHIBIT "1"

 Gmail

Carlos Flores <flores@thefmzavalalawfirm.com>

---

## Your claim has been successfully submitted. The claim number is C21-03520 .
1 message

---

**Attorney Zavala** <francisco@thefmzavalalawfirm.com>
To: Carlos Flores <flores@thefmzavalalawfirm.com>, "The Law Offices of Etan Z. Lorant" <esq8ton@gmail.com>

Mon, Mar 8, 2021 at 4:28 PM

Hi Etan and Carlos:

Read attached summary of claim filed today.

--
FRANCISCO M. ZAVALA, J.D. UCLA
THE F.M. ZAVALA LAW FIRM, INC.
28494 WESTINGHOUSE PLACE, SUITE 206
VALENCIA, CALIFORNIA 91355
(661) 753-3534 Telephone
(888) 831-4806 Facsimile

Website: www.divorceattorneysantaclarita.com

## <u>Notices, and Filing and Service of Papers</u>

FACSIMILE SERVICE: Pursuant to *C.C.P. §1013.  (e)* Service by **facsimile transmission** shall be permitted only where the parties agree and a written confirmation of that agreement is made. The F.M. Zavala Law Firm, Inc. **DOES NOT** permit, accept or consent to the service of notices, papers, letters, correspondence, process, motions, pleadings, documents, or any other items **by facsimile transmission** without a written agreement to do so.  Correspondence facsimile transmission does not indicate agreement or consent to accept service in that format.

ELECTRONIC SERVICE:  The F.M. Zavala Law Firm, Inc. **DOES NOT** permit, accept or consent to the service of notices, letters, papers, correspondence, process, motions, pleadings, documents, or any other items by **electronic format** without a written agreement to do so.  Correspondence via electronic format  does not indicate agreement or consent to accept service in that format.

CONFIDENTIALITY STATEMENT: This message contains information which is confidential, privileged, and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. Any persons deliberately attempting to intercept this communication may be subject to civil and/or criminal penalties. Unless you are the intended addressee (or authorized to receive messages for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this message in error, please advise the sender by reply e-mail and delete the message.

---

 **CLAIM NARRATIVE.docx**
17K

**Your claim has been successfully submitted. The claim number is C21-03520**
.

**How did DAMAGE or INJURY occur? Please include as much detail as possible**.

I, CARLOS HUMBERTO FLORES, AN INNOCENT AND PROPERLY LICENSED DRIVER OF A VEHICLE PROPERLY
REGISTERED TO ME,  WAS PULLED OVER WITHOUT PROBABLE CAUSE, BY LAPD OFFICER CARLOS SERIAL
NO. 42747. LAPD OFFICER CARLOS, SERIAL NO. 42747, HAD NO PROBABLE CAUSE TO STOP ME OR MY
VEHICLE.

LAPD OFFICER CARLOS, SERIAL NO. 42747, FABRICATED PROBABLE CAUSE AND FALSELY ALLEGED THAT I
COMMITTED A VEHICLE CODE INFRACTION IN ORDER TO JUSTIFY THE ILLEGAL STOP.

LAPD OFFICER CARLOS FALSELY ACCUSED ME OF FAILURE TO SIGNAL. THE FACT IS THAT AT NO TIME DID
I FAIL TO SIGNAL AND NOR DID I COMMITT ANY VEHICLE CODE VIOLATION. LAPD OFFICER CARLOS DID
NOT HAVE PROBABLE CAUSE TO STOP ME OR MY VEHICLE.

AFTER THE UNLAWFUL DETENTION, LAPD OFFICER CARLOS ILLEGALLY AND WITHOUT PROBABLE CAUSE
HANDCUFFED, ASSAULTED, SEARCHED, ARRESTED AND IMPRISONED ME. I WAS HANDCUFFED,
ASSAULTED, SEARCHED, ARRESTED AND IMPRISONED WITHOUT HAVING DONE ANYTHING WRONG,
ILLEGAL OR COMMITTING ANY CRIME.

**What particular ACT or OMISSION do you claim caused the injury or damage? Please give
names of City employees causing the injury or damage and identity any vehicles involved by
license plate number, if known**.

Los Angeles Police Department and its Officers, including but not limited to Officer Carlos, violated
Claimant's rights and violated the following:

42 USC §1983
42 USC §1985
42 USC §1988
Unconstitutional Policy;
Violation of Fourth, Fifth and Fourteenth Amendments of the United States Constitution;
Negligent Retention, Hiring, Training and Supervising;
California Civil Code §51.7 and §52;
Unruh Act;
Intentional infliction of emotional distress;
Negligent infliction of emotional distress;
Violation/deprivation of Civil Rights under color of law;
Negligence;
Monnel Theory;
False arrest and False imprisonment;
Assault/Battery;

**What DAMAGE or INJURIES do you claim resulted? Please give full extent of injuries or
damages claimed**

Psychological injuries including but not limited to Post Traumatic Stress Disorder. Out of pocket
expenses for legal fees, medical and psychological treatment.
**What is the AMOUNT of your claim?**
$500,000.00

EXHIBIT "2"



**MICHAEL N. FEUER**
CITY ATTORNEY

April 19, 2021

FRANCISCO MIGUEL ZAVALA
28494 Westinghouse Place Suite 206
Valencia, CA 91355

      RE:      Our Claim No.: C21-03520
              Your Client/Insured: CARLOS HUMBERTO FLORES
              Date of Loss: 10/20/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

### ***WARNING***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

      Very truly yours,

      Brian Sam
      Chief Investigator

BRSAM : ACABA
Telephone: 213-978-7081
Enclosure(s)

## PROOF OF SERVICE BY MAIL

I, Amiee Caballero, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 19, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-03520 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

FRANCISCO MIGUEL ZAVALA
28494 Westinghouse Place
Suite 206
Valencia, CA 91355

I declare under penalty of perjury that the following is true and correct. Executed on April 19, 2021, at Los Angeles, California.

Amiee Caballero