O

# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS FLORES,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>                Defendants. | Case № 2:21-cv-07918-ODW (AGRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL [20]** |

## I.    INTRODUCTION

On October 4, 2022, Plaintiff Carlos Flores initiated this action against Defendants City of Los Angeles ("City") and Police Officer Alvarado Carlos ("Officer Carlos").  (Compl., ECF No. 1.)  On January 25, 2022, after Flores failed to respond to the Court's Order to Show Cause regarding service of process on Officer Carlos, the Court dismissed Officer Carlos.  (Min. Order, ECF No. 19.)  Flores now moves to set aside the Court's Order.  (Mot. Set Aside ("Mot." or "Motion"), ECF No. 20.)  For the reasons below, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Flores alleges that, on October 20, 2020, during a routine traffic stop, City police officers, including Officer Carlos, handcuffed Flores, patted him down, and detained him for thirty minutes with no probable cause.  (Compl. ¶¶ 10–13.)  On October 4, 2021, Flores filed a Complaint in this Court against the City and Officer Carlos, asserting claims for violations of federal and state constitutional rights and several state-law claims sounding in tort.

On October 25, 2021, while the case was still assigned to Magistrate Judge Michael R. Wilner as part of the Magistrate Judge Direct Assignment Program, Magistrate Judge Wilner ordered Flores to "submit a report regarding the status of service of process in the action . . . by filing a statement . . . plus proof of service of process by or before November 15, 2021" and indicated that  "[f]ailure to respond to this order may lead the Court to dismiss the action for failure to prosecute." (Order re: Service, ECF No. 9.)  Magistrate Judge Wilner reiterated that timely service pursuant to Federal Rule Civil Procedure ("Rule") 4(m) was required by January 2, 2022.  *(Id.*)  As reflected in the Court's docket for this case, as of November 15, 2021, Flores had not filed a status report or proof of service for Officer Carlos.

On November 23, 2021, the City filed its Answer.  (Answer, ECF No. 10.)  On January 13, 2022, with the case now before this Court, the Court ordered Flores to file timely proof of service or show good cause why timely service had not been made upon Officer Carlos.  The Court set a deadline of January 20, 2022.  (Order to Show Cause ("OSC"), ECF No. 18.)  This Court repeated Magistrate Judge Wilner's earlier warning that "[f]ailure to timely or adequately respond to this Order may result in the dismissal of Police Officer Alvarado Carlos without further warning."  (*Id.*)  On January 25, 2022, after Flores failed to respond to the Court's OSC, the Court dismissed Officer Carlos.  (Min. Order 1.)

Eight days later, on February 2, 2022, Flores moved to set aside the Court's order dismissing Officer Carlos, pursuant to Rules 60(c)(1) and 60(b).  (Mot. 2.)  The City opposes Flores's Motion.  (Opp'n Mot. Set Aside ("Opp'n"), ECF No. 22.)

### III.   LEGAL STANDARD

Motions to vacate an order are cognizable under Rule 60(b).  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2011), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50; Fed. R. Civ. P 60(b). Rule 60(b)(1) "grants district courts discretion to relieve a party from a judgment or order for reason of 'mistake, inadvertence, surprise, or excusable neglect." *Id.* "Although the application of Rule 60(b) is committed to the discretion of the district courts," the Ninth Circuit has explained that "as a general matter, Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'"  *Id*. at 695–96 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (internal alterations in original).

### IV.   DISCUSSION

Flores argues the Court should set aside its order dismissing Officer Carlos pursuant to Rule 60(b) because Flores's failure to respond to the Court's orders regarding service of process was due to excusable neglect.  (Mot. 2, 5.)  Additionally, Flores contends this Court must extend the time for service under Rule 4(m) because the failure to serve Officer Carlos is also due to excusable neglect, which, Flores argues, constitutes good cause.  (*Id*. at 10.)  The Court addresses each argument in turn.

**A.   Rule 60(b); Excusable Neglect**

Determining whether a party's neglect is excusable is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Factors courts consider in making this determination include (1) danger of prejudice to the defendants, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the

party seeking leniency acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The Court may also examine prejudice to the plaintiff. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Moreover, when, as here, the order the movant seeks to set aside amounts to a denial of an opportunity to be heard on the merits, the court must account for the principle that "a case should, whenever possible, be decided on the merits.'" *Knoebber*, 244 F.3d at 696 (quoting *Falk*, 739 F.2d at 463).

    *1.    Prejudice to Defendants*

    First, the Court considers the danger of prejudice to the defendants. *Briones*, 116 F.3d at 381. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Knoebber*, 244 F.3d at 701.

    Here, the case is still in its early stages. The City filed an Answer and worked with Flores to prepare a joint report pursuant to Rule 26(f). (Answer; Joint Report, ECF No. 21.) The deadline to hear motions to amend pleadings or add parties is June 13, 2022, and fact discovery does not close until August 15, 2022. (Scheduling & Case Management Order 24, ECF No. 23.) Thus, there is still time to bring Officer Carlos into the case in a way that is fair to both him and the City. Notably, the City's Opposition lacks substantive arguments suggesting either the City or Officer Carlos will suffer prejudice if the Court sets aside Officer Carlos's dismissal. (*See* Opp'n.)

    Accordingly, the danger of prejudice to Defendants from setting aside Officer Carlos's dismissal is relatively low. Thus, this factor militates strongly in favor of setting aside dismissal of Officer Carlos.

    *2.    Length of Delay and Impact on Proceedings; Reason for Delay*

    Next, the Court considers the length of the delay, the reason for the delay, and the impact on the proceedings. *Briones*, 116 F.3d at 381. No one contends, nor could they, that the period of time between when the Court issued its order of dismissal and when Flores moved to set aside—eight days—constitutes improper delay. But "delay" in this context also refers more broadly to the postponement of proceedings that

occurred due to the mistake or excusable neglect that led to the challenged order. *See, e.g.*, *Spain v. Sundt Constr., Inc.*, No. CV11-1617-PHX-JAT, 2012 WL 260037, at *2 (D. Ariz. Jan. 30, 2012) (considering delay caused by plaintiff's failure to respond to court orders). Here, the reasons for the delay would include the reasons why Flores's counsel failed to respond to the Court's orders to show cause regarding proof of service.[1]

Here, Attorney Lorant admits he missed the email notifying him that the Court had issued an OSC. (Decl. Etan Z. Lorant ("Lorant Decl.") ¶¶ 11–14, ECF No. 20.) The reason, he declares, is that his email program threaded the email with another email he had received from the Court two hours prior, thus hiding the notification email.

"At least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs.*, 507 U.S. at 394. In one case predating the era of the internet, a district court found excusable neglect where the summons and complaint had inadvertently been put in a pile of junk mail and defendant moved promptly for relief upon discovery of the error. *Standard Enters., Inc. v. Bag-It, Inc.*, 115 F.R.D. 38, 39 (S.D.N.Y. 1987). By contrast, another district court found the neglect inexcusable where counsel had been notified that his email address in CM/ECF was not current and he nevertheless let a month pass by before checking the docket of the case. *Yeschick v. Mineta*, 675 F.3d 622, 629–31 (6th Cir. 2012).

Attorney Lorant's error is more like failing to notice a court document in a pile of junk mail than systematically failing to keep abreast of the docket. Accordingly, the Court finds Attorney Lorant's error in this case to be more of the human-error variety of neglect which courts have found to be excusable. *See U.S. v. Signed*

---

[1] To be clear, in this context, delay does not refer to Flores's previous delay in timely serving Officer Carlos; that issue goes to whether the Court should grant additional time for service under Rule 4(m), not whether the Court should set aside dismissal

*Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default."). And to the extent this error is not excusable, this particular error, in and of itself, did not contribute significantly to the delay in this case.

That said, Attorney Lorant fails to explain why his co-counsel did not see the notification about the OSC. Attorney Zavala is also an attorney of record for Flores in this case, which means he, too, receives an email whenever a new document is filed. Attorney Zavala's declaration fails to engage with this point. (*See generally* Decl. Francisco M. Zavala ("Zavala Decl."), ECF No. 20.)

Furthermore, Attorneys Lorant and Zavala both fail to explain why they did not comply with Magistrate Judge Wilner's November 15, 2021 deadline. The Court based its dismissal of Officer Carlos on Flores's noncompliance with both that deadline and the January 2022 deadline. A complete discussion of the reasons for delay would have included a justification for missing Magistrate Judge Wilner's deadline.

Even so, if the Court sets aside Officer Carlos's dismissal, the impact on the proceedings will be low and will consist mostly of a short delay which, as discussed above, does not appear to prejudice Defendants.

Overall, these factors do not militate significantly in either direction.

3.    *Good Faith*

Next, the Court examines whether Flores acted in good faith in making the mistake that led to Officer Carlos's dismissal. *Briones*, 116 F.3d at 381. Certainly, the mistake made by Attorney Lorant in missing the email notification appears to be a good faith mistake. But, as discussed, Attorney Zavala should have also been receiving emails from CM/ECF, and neither attorney addresses this point in their declarations.

As an additional consideration, several times in late 2021 and early 2022, Attorney Zavala contacted his attorney service regarding the status of service on Officer Carlos.  (Zavala Decl. ¶¶ 5–11.)  This suggests Flores and his attorneys genuinely intended to serve Officer Carlos and were making efforts in that regard, indicating good faith, even if the efforts backed by that good faith were not thorough.  Moreover, the City does not dispute Flores acted in good faith.  (*See* Opp'n.)  Thus, this factor militates moderately in favor of setting aside Officer Carlos's dismissal.

### 4.    Prejudice to the Plaintiff

Finally, the Court considers the danger of prejudice to the plaintiff.  *Lemoge*, 587 F.3d at 1195.  Here, Flores would be materially prejudiced by the denial of relief.  Officer Carlos is the key individual alleged to have committed wrongs against Flores, and not having Officer Carlos in this action would prejudice Flores's ability to build and make his case.  Thus, this factor militates in favor of setting aside this Court's dismissal of Offer Carlos.

On the balance, Flores meets his burden of showing excusable neglect.  The Court accordingly finds it appropriate to set aside Officer Carlos's dismissal.

## B.    Rule 4(m)

The analysis does not end there, however.  Flores seeks to set aside Officer Carlos's dismissal and then to serve Officer Carlos with process.  But the Rule 4(m) deadline for Flores to serve Officer Carlos was January 2, 2022.  Thus, a complete disposition of this Motion requires the Court to determine whether to extend the time for serving Officer Carlos pursuant to Rule 4(m).  As the Ninth Circuit has instructed:

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.

*In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted).  The plaintiff bears the burden of establishing good cause.  *Sebastian Brown Prods., LLC v.*

*Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1035 (N.D. Cal. 2015); *cf. Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).

Using this framework, the Court finds that Flores fails to establish good cause to extend the time for serving Officer Carlos, but the Court nevertheless exercises its discretion and allows Flores one final opportunity to serve Officer Carlos.

### 1. *Good Cause*

To establish good cause for failure to effect service under Rule 4(m), a plaintiff must show at a minimum "excusable neglect." *Sheehan*, 253 F.3d at 512. Courts are to consider whether "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* Courts have found good cause where "plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control." *Television Signal Corp. v. City & County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000).

Given that the Court has already provided Flores with an opportunity to show good cause for an extension of the service deadline, (*see* OSC), and given that this Motion constitutes Flores's final opportunity to make that showing, the Court expected a more robust showing of good cause accompanying this Motion than Flores provided. Attorney Lorant declares that the case was filed on October 4, 2021, and that on October 26, 2021, he provided the summons and complaint to his attorney service. (Lorant Decl. ¶¶ 2, 4.) On November 16, 2021, December 15, 2021, December 17, 2021, and January 9, 2022, Attorney Zavala inquired with the attorney service, and during some of these calls the attorney service apparently misled Zavala by representing that Officer Carlos had been served. (Zavala Decl. ¶¶ 5–8.) Eventually, Flores's attorneys learned that the City had been served but Officer Carlos had not. (Lorant Decl. ¶ 9.) On January 10, 2022, Flores's attorneys retained a new process server. (*Id.*) As of January 25, 2022, the date the Court dismissed Officer

Carlos, there was still no proof of service on file for Officer Carlos.

In addition to these facts, Attorney Lorant declares that there was a death in his family in January 2022, a circumstance which consumed much of his time and energy, particularly around the time when the Court issued its January 13 OSC.  (Lorant Decl. ¶¶ 10–11.)

Taking the evidence as a whole, several gaps in the attorney declarations weaken Flores's showing of good cause.  First, neither attorney attempts to address why they collectively ignored Magistrate Judge Wilner's November 15, 2021 deadline to file a proof of service or a status report.  And although Attorney Zavala spoke to the attorney service twice (on November 16, 2021, and again on December 15, 2021), by December 17, 2021, when no proof of service was on file and with the upcoming holidays, Flores's attorneys should have recognized that the ninety-day deadline under Rule 4(m) was Sunday, January 2, 2022.  Flores's attorneys should not have left the matter unaddressed over the holidays, hoping that the Court would provide more time for service in early 2022 after the deadline expired.

Furthermore, neither attorney explains why, when they realized Officer Carlos had not been served, they did not immediately file a Status Report with the Court, explaining the situation and asking for an extension of the deadline.  Finally, although Flores's attorneys engaged a new process server on January 10, 2022, they nevertheless fail to provide a meaningful explanation why there was still no proof of service on file fifteen days later, when the Court dismissed Officer Carlos.  Certainly, the death in Attorney Lorant's family understandably and justifiably consumed his time and attention in mid-January, (*see* Lorant Decl. ¶ 10), but Attorney Lorant had co-counsel throughout this process who was aware of the status of the case and who could have followed up with the new process server or assisted with the filing of status documents, (*see* Zavala Decl. ¶¶ 9–11).

In short, the overall course of conduct of Flores's attorneys since the inception of this case does not indicate a focused effort to serve Officer Carlos in a timely

manner.   Nor does service appear particularly difficult; as implied by Attorney Zavala's own declaration, a plaintiff serving a police officer in his or her official capacity need only serve the subpoena control officer at the officer's assigned station. (*See* Zavala Decl. ¶ 3.)  Flores's attorneys cannot avoid responsibility for the delay by hiding behind the errors and omissions of their process servers.

For these reasons, the Court finds Flores fails to show good cause to extend the time for serving Officer Carlos.

2.   *Discretion*

"[I]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *Sheehan*, 253 F.3d at 512.  Here, the Court elects to extend the time period for serving Officer Carlos one final time.  The Court makes this election light of (1) the fact that trial is not until December 2022, (2) the lack of apparent prejudice to either Defendant; (3) the observation that the interests of the City and of Officer Carlos appear to be generally aligned, and (4) the inefficiency that would result were the Court to dismiss Officer Carlos and Flores to subsequently file a new, separate case against Officer Carlos.  The Court accordingly **GRANTS** Flores's Motion.

///

///

///

///

///

///

///

///

///

///

///

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Flores's Motion to Set Aside Order of Dismissal.  (ECF No. 20.)  Officer Carlos is hereby **REINSTATED** as a Defendant in this case.  Flores shall serve Officer Carlos immediately and shall file a proof of service no later than **fifteen (15) days** from the date of this Order.  This deadline is final and will not be further extended; failure to comply will result in dismissal of Officer Carlos without further warning.

**IT IS SO ORDERED.**

April 13, 2022

 

 

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**